UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THOROBRED, INC., et al.                                                                                    PLAINTIFFS

v.                                                                                                  NO. 3:04-CV-193-JDM

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                                         DEFENDANTS

**MEMORANDUM OPINION**

The defendants, Louisville/Jefferson County Metro Government, its Director of Inspections, Permits and Licenses, and its Chief of Police, move for reconsideration of the court's order granting summary judgment against them. In its memorandum opinion and order, the court declared unconstitutional § 241.230 of the KENTUCKY REVISED STATUTES and § 113.22 the LOUISVILLE CODE OF ORDINANCES under the Fourth Amendment.

The plaintiffs are seven metro area liquor stores and adult entertainment lounges, all licensed under local and state law to sell alcoholic beverages. These licensing laws (and similar statutes applicable to traditional county and municipal governments) purport to authorize warrantless, administrative searches of licensees' premises at any hour and for violations not only of alcohol-control and other administrative regulations but also all penal law, by incorporating by reference, generally, state and federal law and, particularly, Kentucky controlled substances statutes. *See* § 113.22(A).

The court concluded the administrative statute and ordinance at issue fail to comport with the Fourth Amendment as interpreted in *New York v. Burger*, 482 U.S. 691 (1987), and its progeny, because neither provision "carefully" limits the discretion of the inspecting officers in

terms of time or scope. *Id*. at 703.

The defendants argue for reconsideration on grounds previously considered by the court. Specifically, they maintain that the absence of any temporal limitation is reasonable given that many licensees operate in some cases 22 hours per day. They further postulate that in the hypothetical case of a warrantless search for narcotics (addressed in the court's prior opinion and at oral argument), the administrative statute and ordinance carefully limit the inspectors' authority to search because the provisions condition licensure revocation or suspension on any conviction for the sale or use of controlled substances. *See* KY. REV. STAT. § 244.500; LOUISVILLE CODE OF ORDINANCE § 113.22(E). The court disagrees that the provisions satisfy *Burger's* careful limitation test.

After thoroughly re-examining the issues and the well-reasoned argument of counsel on the motion for reconsideration, the court remains persuaded that the ostensibly regulatory inspections, at any hour for evidence of a vast array of crimes, present the very governmental intrusion and unbridled discretion in the exercise of the inspectors' authority to search that the Fourth Amendment and *Burger* prohibit. The breadth of such administrative searches offends even the most meager of privacy interests retained by liquor licensees.

For alcohol-control licensees, the defendants' regulatory approach fails to distinguish itself from that of the penal law to the extent these provisions authorize general searches for federal and state penal violations and thereby supplant criminal enforcement methods and the usual constraints imposed by the Fourth Amendment's search and warrant clauses. *See id.* at 712-13 (stating that a state may "address major social problems *both* by way of an administrative scheme *and* through penal sanctions ... but ... prescribe different methods of addressing the

-2-

problem."). These provisions reach far beyond any justification for alcohol-control inspections because they sanction general searches for evidence of unspecified criminal behavior. Granted, the discovery of evidence of crimes in the course of an otherwise proper administrative search, *i.e.*, one with careful limitations, does not render the administrative scheme suspect. *See id.* at 716. Absent any limitation in terms of time and scope, however, the inspection scheme inadequately substitutes for a warrant and is unreasonable.

Until the statute and ordinance at issue are revised to comply with the requirements of the Fourth Amendment by comporting with the analysis of *Burger* and its progeny, the defendants should be enjoined from enforcing or acting in reliance on them.

The court will enter an order consistent with this memorandum opinion.

DATE:

cc:     Counsel of Record